1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E. BRENT BRYSON, LTD.
E. BRENT BRYSON, ESQ.
Nevada Bar No. 004933
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 364-1234 Telephone
(702) 364-1442 Facsimile
Ebbesqltd@yahoo.com

*Attorney for Plaintiff,*
*April Bobadilla*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

APRIL BOBADILLA, an individual,

Plaintiff,

v.

STATE OF NEVADA, ex rel. its DEPARTMENT OF PROBATION AND PAROLE; DOE DEPARTMENT OF PROBATION AND PAROLE SUPERVISORS I through X, inclusive; and ROE DEPARTMENT OF PROBATION AND PAROLE EMPLOYEES XI through XV, inclusive; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; DOE LAS VEGAS METROPOLITAN POLICE DEPARTMENT SUPERVISORS I through X, inclusive; ROE LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICERS XI through XV, inclusive;

Defendants.

Case No.: 2:23-cv-00723-GMN-DJA

**JOINT STIPULATION TO STAY DISCOVERY AS TO PLAINTIFF APRIL BOBADILLA AND DEFENDANT LAS VEGAS METROPOLITAN POLICE DEPARTMENT**

Pursuant to Local Rules LR 7-1 and IA 6-2, Plaintiff APRIL BOBADILLA (hereinafter "Bobadilla") and Defendant Las Vegas Metropolitan Police Department (hereinafter "LVMPD"), hereby stipulate and agree to stay discovery as to Bobadilla and LVMPD in this case pending resolution of the pending Motion to Dismiss filed by Defendant the State of Nevada ex rel. Department of Public Safety, Division of Parole and Probation (hereinafter "NPP") (ECF No. 12). The parties submit that good cause exists for this stipulation to be granted to avoid wasting the parties' and this Court's time, as well as unnecessarily incurring duplicative fees and costs.

1

## I.       STATEMENT OF FACTS

Here, on October 4, 2023, a Joint Stipulation to Stay Discovery as to Nevada Division of Parole and Probation Pending Resolution of Motion to Dismiss was entered. That Joint Stipulation stayed discovery as to Nevada Division of Parole and Probation ("NPP") only, pending resolution of NPP's Motion to Dismiss. Although that motion does not address Bobadilla's causes of action against LVMPD, if the Motion is denied, any discovery completed between Bobadilla and LVMPD prior to resolution of the Motion will potentially need to be duplicated with NPP's participation.

## II.      LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 6(b), and the Court's inherent authority and discretion to manage its own docket, this Court has the authority to grant the requested stay. Fed.R.Civ.P. 6(b) ("When an act may or must be done within a specified time the court may, for good cause, extend the time...."). A stipulation to stay proceedings, like the Parties seek here, is an appropriate exercise of this Court's jurisdiction. See *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (explaining a court's power to stay proceedings is incidental to its inherent power to control the disposition of the cases on its docket to save the time and effort of the court, counsel, and the parties).

Furthermore, Federal Rules of Civil Procedure 26(c) and 26(d) also vest the Court with authority to limit the scope of discovery or control its sequence and may grant a stay to allow parties to negotiate a settlement. See *Crawford-El v. Britton*, 523 U.S. 574, 598.

When evaluating a request to stay discovery, the court initially considers the goal of Federal Rule of Civil Procedure 1, which states that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." *Sanchez v. Windhaven Nat'l Ins. Co.*, 2:19-cv-02196-RFB-VCF, 2020 WL 3489333 (D. Nev. 2020). Whether to grant a stay is within the discretion of the court, particularly where, as here, a stay would promote judicial economy and efficiency. See e.g. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (district courts possess "inherent power to control the disposition of the causes on its docket in a manner which will

promote economy of time and effort for itself, for counsel, and for litigants");" and *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984).

**III.  A STAY IS WARRANTED PENDING RESOLUTION OF NPP'S MOTION TO DISMISS AND LIFTING OF THE DISCOVERY STAY AS BETWEEN BOBADILLA AND NPP.**

As stated above, the Court should construe the Rules "to secure the just, speedy, and inexpensive determination of every action." Sanchez, 2020 WL 3489333 at *2. Here, the Parties agree that it is in the best interest of all Parties, as well as the Court, to stay discovery and proceedings pending the outcome of NPP's Motion to Dismiss. The parties seek to stay discovery to avoid incurring attorney's fees, expert fees, and costs which will require duplication in the event NPP's Motion to Dismiss is denied.

DATED this 7th day of November, 2023.

**E. BRENT BRYSON, LTD.**

*/s/ E. Brent Bryson, Esq.*
E. BRENT BRYSON, ESQ.
Nevada Bar No. 004933
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 364-1234 Telephone
(702) 364-1442 Facsimile
Ebbesqltd@yahoo.com
*Attorney for Plaintiff,*
*April Bobadilla*

DATED this 7th day of November, 2023.

**MARQUIS AURBACH**

*/s/ Nick D. Crosby, Esq.*
Nick D. Crosby, Esq.
Nevada Bar No. 008996
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
ncrosby@maclaw.com
*Attorneys for Defendant LVMPD*

1

**ORDER**

2          IT IS SO ORDERED. Discovery in this matter is stayed as to Plaintiff April Bobadilla

3   and Defendant Las Vegas Metropolitan Police Department pending the Court's ruling on the

4   pending Motion to Dismiss (ECF No. 12).

5

6   _____

    **U.S. MAGISTRATE JUDGE**

7

8   **Dated:** ___11/14/2023 _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4