# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| APRIL BOBADILLA,<br><br>　　　　　Plaintiff,<br>vs.<br><br>STATE OF NEVADA, ex rel. its<br>DEPARTMENT OF PROBATION AND<br>PAROLE, *et al.*,<br><br>　　　　　Defendants. | Case No.: 2:23-cv-00723-GMN-DJA<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Pending before the Court is the Motion to Dismiss, (ECF No. 12), filed by Defendant State of Nevada ex rel. Department of Public Safety, Division of Parole and Probation ("NPP"). Plaintiff April Bobadilla filed a Response, (ECF No. 15), to which Defendant filed a Reply, (ECF No. 16). For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss and dismisses all federal and state claims against NPP and its employees acting in their official capacity.

**I.　　BACKGROUND**

Plaintiff brings this action against Defendants NPP and the Las Vegas Metropolitan Police Department ("LVMPD") for their alleged wrongful arrest and detention in May 2021. (*See generally* Compl., ECF No. 1). When Plaintiff applied for housing at a Budget Suites, a background check revealed fugitive warrants. (*Id.* ¶ 18). Budget Suites notified LVMPD, who arrested Plaintiff. (*Id.* ¶ 19). Plaintiff subsequently spent one month in the Clark County Detention Center, during which time she told the staff that the fugitive warrants were incorrect because her previous criminal cases had already been closed. (*Id.* ¶ 20). Specifically, Plaintiff alleges that Defendants failed to clear the fugitive warrants out of the system after her previous

///

criminal cases had been closed and dismissed with prejudice, resulting in her wrongful arrest and detention. (*Id.* ¶ 17).

Plaintiff brings six claims against NPP and LVMPD, as well as their employees, in both their individual and official capacities. Her first three federal causes of action under 42 U.S.C. § 1983 are for wrongful seizure, false imprisonment at Clark County Detention Center, and *Monell* liability. (*Id.* ¶¶ 24–38). Plaintiff also brings three state causes of action for negligence, intentional infliction of emotional distress, and false imprisonment. (*Id.* ¶¶ 39–49). LVMPD filed an Answer, (ECF No. 6), and NPP filed the instant Motion to Dismiss the Complaint in part. (*See generally* Mot. Dismiss, ECF No. 12).

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant

to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

Defendant NPP, as a state agency, seeks to dismiss all claims against it.  It makes four arguments for dismissal: (1) Eleventh Amendment immunity from federal claims; (2) *Monell* liability inapplicable to state agencies; (3) immunity from state claims; and (4) failure to comply with Nevada's mandatory naming requirement. (*See generally* Mot. Dismiss).  The Court addresses each argument in turn.[1]

**A.  Eleventh Amendment Immunity for Federal Claims**

Plaintiff brings three claims under 42 U.S.C. § 1983.  And as relevant here, Plaintiff's claims are alleged against NPP, a subdivision of the State of Nevada, as well as NPP's supervisors and employees, in their individual and official capacities. (Compl. ¶¶ 7–9). Defendant NPP argues that to the extent Plaintiff seeks money damages for her federal claims, the claims should be dismissed under Eleventh Amendment immunity. (Mot. Dismiss 3:16–28).

Section 1983 actions involve the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.  To bring a successful § 1983 claim, a plaintiff must allege (1) a violation of a constitutional right and (2) must show that the alleged violation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).  Moreover, § 1983 "'is not itself a source of substantive rights,' but merely

---

[1] Because the Court agrees with Defendant's first three arguments and dismisses all federal and state claims against NPP and its employees in their official capacity, the Court does not address Defendant's naming requirement argument.

provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity . . . against one of the United States by Citizens of another State . . . ." U.S. Const. amend XI.  Thus, "[a] suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity." *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982).  The Eleventh Amendment gives state agencies and state officials sued in their official capacity immunity from claims brought against them in federal court under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66–71 (1989).

Official capacity suits essentially constitute actions against the "entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  As such, courts must treat suits against state officials in their official capacities as suits against the state. *Id.*  Individual capacity suits, however, "seek to impose individual liability upon a government officer for actions taken under color of state law." *Id.*  Thus, "to establish personal liability in a 42 U.S.C. § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Plaintiff does not argue that the NPP, a state agency, or its officers in their official capacity, have waived immunity.  Rather, Plaintiff responds that under a recent Nevada Supreme Court case, she has a private right of action to enforce her search-and-seizure rights under the Nevada Constitution, and that no qualified immunity defense applies. (Resp. 6:16–7:10, ECF No. 15) (citing *Mack v. Williams*, 522 P.3d 434 (Nev. 2022)).  Defendant replies that Plaintiff's *Mack* argument is misplaced because she is not bringing a cause of action under the Nevada Constitution. (Reply 3:10–4:5, ECF No. 16).

The Court agrees with Defendant. The Nevada Supreme Court's decision in *Mack* does not apply to Plaintiff's § 1983 claims, and Nevada has not otherwise waived its Eleventh Amendment immunity. Therefore, the Court grants NPP's motion to dismiss Plaintiff's § 1983 claims as brought against NPP and its officers acting in their official capacity. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (affirming dismissal of constitutional claims in a § 1983 case against a Nevada state agency on Eleventh Amendment grounds).[2] While Plaintiff's claims fail against NPP and its employees in their official capacities, Plaintiff's individual capacity claims may proceed. *See Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992).

### B. *Monell* Claim

Defendant further argues that Plaintiff's third count alleging *Monell* liability should be dismissed because "NPP is an arm of the state and not a local government unit." (Mot. Dismiss 4:1-4). Pursuant to *Monell*, local governments can be sued directly under § 1983 for violations of constitutional rights. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). But "the Supreme Court has expressly declined to extend *Monell*'s theory of municipal liability under § 1983 to state entities." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 968 (9th Cir. 2010); *see Will*, 491 U.S. at 70–71. Accordingly, Plaintiff's *Monell* Claim against NPP is dismissed with prejudice.

### C. Immunity from State Claims

The remaining claims against Defendant NPP are state law claims for negligence, intentional infliction of emotional distress, and false imprisonment. (Compl. ¶¶ 39–49). Defendant asks the court to dismiss these state law claims because Nevada did not waive its sovereign immunity. (Mot. Dismiss 4:12–5:11). In Plaintiff's Response, she reasserts her *Mack*

---

[2] Because NPP's argument is granted based on immunity from suit, amendment would be futile, and thus, the complaint against it is dismissed with prejudice.

argument and further argues that the *Ex Parte Young* doctrine allows for relief against state officials for violations of federal law. (Resp. 9:8–10:18).[3]

The Eleventh Amendment bars state law claims against a state that are brought into federal court under supplemental jurisdiction. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 121 (1984). The supplemental jurisdiction provided by Congress "does not abrogate state sovereign immunity for supplemental state law claims." *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133–34 (9th Cir. 2006); *see also Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 541 (2002). Further, a state's consent to suit in its own courts does not constitute consent to suit in federal courts. *Stanley*, 433 F.3d at 1134. Because Congress did not abrogate Nevada's sovereign immunity, and because Nevada's consent to suit in state court does not constitute consent to suit in federal court, the Court dismisses Plaintiff's state law claims against Defendant NPP and their officers in their official capacity, with prejudice.[4]

## V.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant NPP's Motion to Dismiss, (ECF No. 12), is **GRANTED.**

**DATED** this __5__ day of January, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[3] Plaintiff's arguments are not persuasive in this case. First, as stated above, the Nevada Supreme Court's holding in *Mack* does not apply to this case because Plaintiff is not asserting an unlawful search and seizure claim. Second, the *Ex Parte Young* doctrine applies to suits for *injunctive* relief against state officers to enjoin an alleged ongoing violation of *federal*, not state, law. *See Hason v. Medical Bd. of California*, 279 F.3d 1167 (9th Cir. 2022) (emphasis added).

[4] The Court will, however, exercise supplemental jurisdiction over Plaintiff's state law claims against the NPP supervisors and employees in their individual capacities.